**STATE ex rel. Olive Kraus EICHORN et al., Relators,**

v.

**Hon. Drew W. LUTEN, Jr., Judge of the Circuit Court of St. Louis County, Missouri, Respondent.**

**No. 35793.**

Missouri Court of Appeals, St. Louis District, Division Two.

Aug. 27, 1974.

Motion for Rehearing or Transfer Denied Oct. 15, 1974.

Application to Transfer Denied Dec. 16, 1974.

Donald V. Fraser, Jr., James H. Connor, St. Louis, for relators.

David G. Lupo, St. Louis, for respondent.

PER CURIAM:

Relators seek a writ of prohibition to prevent respondent—St. Louis County Circuit Judge—from enforcing his order of May 31, 1973 by which respondent ordered specific performance of a settlement agreement which did not include relators as parties and which distributed and terminated a trust. Our preliminary writ of prohibition previously issued is hereby made permanent.

Relators and others were contingent remaindermen under a trust established by the will of Lena Kohler. In October, 1970, the trustee, Robert Hammerstein, sent notice to all the contingent remaindermen of his intention to terminate the trust pursuant to the following trust provision and distribute all assets to the surviving life beneficiary, John G. Knoll, Jr.:

"(i) This Trust may be terminated during the life of my daughter, Virginia W. Knoll, or during the life of my son-in-law, John G. Knoll, Jr., during such period when either of them may be the sole beneficiary, if there should be such a course of· events or circumstances, that my Trustees should deem it best to terminate the same, but such action on the part of the Trustees shall not make them liable to the remaining beneficiaries in

any way or manner and such distribution shall then be made either to my daughter, Virginia W. Knoll, if living, otherwise to my son-in-law, John G. Knoll, Jr., if living."

American Cancer Society, as one of the contingent remaindermen, brought suit to enjoin the trustee from terminating the trust. All of the contingent remaindermen, including relators, were joined with the trustee as defendants. Relators filed an appearance but did not file any pleadings, and a default judgment was rendered against them. The suit against American Cancer Society was preliminarily settled with part of the settlement calling upon Robert Hammerstein, as trustee, to be the sole witness on behalf of American Cancer Society on a hearing on January 15, 1973 ostensibly on the merits of the case before respondent. The hearing was held on January 15, with the trustee as the sole witness testifying as to his decision to terminate the trust and as to the distribution of the assets of the trust. Respondent agreed to defer judgment until the final details of the settlement could be accomplished.

The settlement as achieved between American Cancer Society and the trustee provided that the trustee could terminate the trust in favor of John G. Knoll, Jr., the surviving life beneficiary, and that the assets of the trust, except for the shares of stock of Kohler City Supply Company, would be given by John Knoll to a separate trustee who would in turn distribute the assets, in specified proportions, to those contingent remaindermen who were parties to the settlement agreement, thereby omitting the relators.

On February 5, 1973, John Knoll died, and on February 27, relators filed a motion to set aside default judgment. On April 5, there was a hearing to determine whether respondent had lost jurisdiction of the case by virtue of Knoll's death. In his May 31 order, respondent denied relator's motion to set aside the default judgment and also held that he retained jurisdiction because the settlement agreement had been entered into on June 28, 1972, which was prior to John Knoll's death. Respondent also held that he found for the trustee on the merits of the suit and ordered that the trustee make distribution to the estate of John Knoll in accordance with the settlement agreement. It is the enforcement of the May 31, order that relators seek to prohibit.

We are conscious of the fact that a writ of prohibition is an extraordinary remedy to be used with great care. Crackerneck Country Club, Inc. v. Sprinkle, 485 S.W.2d 652 (Mo.App.1972); State ex rel. Duddy v. Lasky, 451 S.W.2d 352 (Mo.App.1970). The purpose of the writ is to prevent a lower court from acting without or in excess of its jurisdiction. State ex rel. Vogel v. Campbell, 505 S.W.2d 54 (Mo.banc 1974); State ex rel. Schaper v. Stussie, 487 S.W.2d 49 (Mo.App.1972). Although the distinction between a lower court action which exceeds the jurisdiction of that court, and is therefore subject to a writ of prohibition, and a lower court action which is simply erroneous and therefore not subject to prohibition, may be difficult to draw, State ex rel. City of Mansfield v. Crain, 301 S.W.2d 415 (Mo.App. 1957), we find that the May 31 order of respondent exceeded his jurisdiction.

In order that a court have jurisdiction to adjudicate, there must be jurisdiction of the person and of the subject matter, and in addition the court must have jurisdiction to render the particular judgment in the particular case before it. Chuning v. Calvert, 452 S.W.2d 580 (Mo.App.1970); State ex rel. Gulf Oil Corp. v. Weinstein, 379 S.W.2d 172 (Mo.App.1964). Furthermore, the jurisdiction to decide particular issues in a particular case is limited to those issues raised by the pleadings. State ex rel. Houser v. Goodman, 406 S.W.2d 121 (Mo.App.1966).

In the case before us, jurisdiction of the person and of the subject matter

was obtained pursuant to the suit filed by American Cancer Society. The issue raised in that suit concerned the trustee's power to terminate the trust, and the effect of relators' default was to admit as true the cause of action stated by American Cancer Society in its pleadings. Sumpter v. J. E. Sieben Construction Co., 492 S.W.2d 150 (Mo.App.1973). However, the outcome of the suit did not confine itself to the issue pleaded. The resulting settlement agreement differed from the one provided for in the trust.

■ While the public policy favors out of court settlement of disputes, it is aphoristic that only all the beneficiaries of a trust can compel the termination of a trust. Absent this unanimity, termination of the trust can only be had in accordance with the terms of the trust. St. Louis Union Trust Co. v. Conant, 499 S.W.2d 761 (Mo.1973); Restatement, (second) of Trusts § 337, § 340; 4 Scott on Trusts § 337, § 340 (3rd Ed.). The trust here was terminated not according to the terms of the trust but according to the terms of the settlement. The settlement reached and accepted by the court was not consented to by all of the beneficiaries and therefore cannot stand. The relief granted by way of the settlement exceeded the jurisdiction of the court "because the conditions which alone authorize the exercise of [the court's] general power in [this] particular case are wanting, and hence the judicial power is not in fact lawfully invoked." Pogue v. Swink, 284 S.W.2d 868 (Mo. 1955). Absent consent of all the beneficiaries the court exceeded its jurisdiction in ordering specific performance of a settlement agreement which compelled termination and distribution of a trust in a manner differing from that provided for in the trust. St. Louis Union Trust Co. v. Conant, supra.

■ Respondent has asserted that a writ of prohibition should not issue because the relief sought by relators requires affirmative action on the part of respondent; that an action already taken cannot be undone. While it is true that a writ of prohibition is a preventive remedy, State ex rel. Cervantes v. Bloom, 485 S.W.2d 446 (Mo. App.1972), prohibition may lie in cases where affirmative action is required. Lewis County C–1 School District v. Normile, 431 S.W.2d 118 (Mo.banc 1968); State ex rel. Jakobe v. Billings, 421 S.W.2d 16 (Mo.banc 1967).

■ Respondent's additional assertion that relators should be denied a writ of prohibition because there is adequate remedy by way of appeal is also without merit. Although an appeal may be available, if the appeal would not afford adequate relief, a writ of prohibition will lie. State ex rel. Berbiglia, Inc. v. Randall, 423 S. W.2d 765 (Mo.banc 1968). Here, relators could appeal only respondent's refusal to vacate the default judgment against them. This relief would be inadequate where respondent's order of May 31 would still stand and the assets of the trust would be distributed. State ex rel. Berbiglia, Inc. v. Randall, supra at 770.

■ Realtors have requested this court to order that the trust was terminated on February 5, 1973; that all remaindermen are to share in its assets; and that costs be assessed against Robert Hammerstein, trustee, personally. These requests go to the merits of the case and are not properly before the court in this proceeding.

Our preliminary writ of prohibition proscribing respondent from enforcing his order of May 31, 1973 is hereby made permanent.

All Judges concur.