STATE of Missouri ex rel. CRAWFORD COUNTY R–II SCHOOL DISTRICT, Plaintiff-Appellant,

and

Consolidated District Number 2 of Franklin County, Intervenor-Appellant,

v.

William H. BOUSE, Defendant-Respondent.

Roy EARLS, Charles Sutter, R. E. Kehr, Robert F. Bass, Arthur Howald, Joseph W. Cushing, Thomas S. Halbert, Everett L. Breuer, John J. Bouse, and Jerry A. Bouse, Defendants,

and

William H. Bouse, Third-Party Plaintiff,

v.

ST. LOUIS–SAN FRANCISCO RAILWAY COMPANY, a corporation, Third-Party Defendant.

No. 10598.

Missouri Court of Appeals, Springfield District.

May 2, 1977.

Walter D. McQuie, Jr., McQuie & Deiter, Montgomery City, for plaintiff and intervenor-appellants.

Morton K. Lange, Cuba, for defendant-respondent and third-party plaintiff.

J. Kent Howald, Beckham, Hale & Howald, Steelville, for defendants.

David Donnelly, Donnelly, Baldwin & Wilhite, Lebanon, for third-party defendant.

PER CURIAM:

Plaintiff school district sued 11 defendants (the county collector of revenue and his sureties) to recover its proportionate share of $4,106.70 in protested taxes paid by the St. Louis-San Francisco Railway Company (Frisco). The petition alleged that Frisco had neglected to commence an action in the circuit court against the collector to recover the protested taxes within the time required by § 139.031, V.A.M.S.

Averring he had previously repaid the protested taxes to Frisco as ordered by the county court, defendant collector filed a third-party petition against Frisco to recover all sums he might be required to pay plaintiff. Frisco responded to this action with a motion to dismiss (Rule 55.27(a)(6), V.A.M.R.) which was never ruled.

A second school district's motion to intervene was sustained, and it filed a petition against the 11 defendants praying for its share of the protested taxes paid by Frisco. The 11 defendants filed motions to dismiss intervenor's petition because of, inter alia, the failure to join as defendants seven other school districts in the county which would be entitled to share in the protested taxes if defendants were held liable for their distribution. These motions were not ruled. Also the 10 defendant sureties moved for leave to file a third-party petition against Frisco, but no disposition was made of this motion.

Defendant collector filed a motion for summary judgment directed to plaintiff and intervenor. The motion was sustained and the court nisi entered judgment "in favor of defendant [collector] and against the plaintiff, and against the intervenor." Plaintiff and intervenor appealed.

Rule 81.01, V.A.M.R., states: "The right of appeal shall be as provided by law." As germane here, § 512.020, V.A.M.S., authorizes an appeal only "from any final judgment in the case," and to be final and appealable, the judgment must dispose of all parties and issues in the cause and leave nothing for further determination. *Continent Foods Corp. v. National-Northwood, Inc.,* 470 S.W.2d 315, 317[1] (Mo.App.1971). The judgment here, while purporting to dispose of the issues relating to plaintiff, intervenor and defendant collector, made no disposition as to the other defendants and contained no decision on the issues affecting the third parties in the cause. Since the judgment appealed from did not dispose of all the parties and issues, it is not a final judgment for purposes of appeal. *Lewis v. Esselman,* 512 S.W.2d 423, 424 (Mo.App. 1974).

Our decision herein renders moot Frisco's motion to dismiss the appeal for other reasons and it is, therefore, denied.

Appeal dismissed.

All concur.