STATE ex rel. Olive Kraus EICHORN
et al., Relators,

v.

Honorable Drew W. LUTEN,
Jr., Respondent.

No. 38625.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Jan. 10, 1978.

Motion for Rehearing and/or Transfer
Denied Feb. 14, 1978.

Application to Transfer Denied
March 13, 1978.

Donald V. Fraser, Jr., St. Louis, for relators.

Lucas & Murphy, Joseph A. Murphy, David G. Lupo, St. Louis, for respondent.

PER CURIAM.

This mandamus action was brought by the relators to compel the respondent trial court to set aside an order reinstating a default judgment against relators in an action to bar termination of a trust.

The germ seeds of this proceeding were planted many years ago—November 10, 1970—with a suit filed by American Cancer Society to block termination of a trust in which relators, American Cancer Society and others were contingent remaindermen. The original suit was filed to halt the trustee, Robert W. Hammerstein, Jr., from terminating the trust in favor of the surviving beneficiary, John H. Knoll, Jr., now deceased. This somewhat jaded litigation involves a prolix maze of legal maneuverings which we are required to detail.

American Cancer Society joined all contingent beneficiaries in the November 10, 1970 action, and all beneficiaries appeared, but many, including relators, did not file pleadings. On January 3, 1973, respondent trial court rendered a default judgment against relators and others who had not filed pleadings. It is apparent that those who failed to file pleadings did so believing their interests were adequately represented by American Cancer Society. American Cancer Society had filed the suit to halt the termination of the trust, and it was to relators' advantage that the trust not be terminated. However, the American Cancer suit took an unexpected twist. In June, 1973, after the default judgment was entered, American Cancer and other parties to the suit agreed on a settlement for the termination and distribution of assets of the trust. The relators were excluded from any participation in the settlement and were not to share in any of the proceeds of the settlement.

On February 27, 1973, three weeks after the death of John Knoll, relators filed their motion to set aside the default judgment taken against them for their failure to file pleadings. On May 31, 1973, the respondent trial court denied relators' motion to set aside the default judgment and ordered specific performance of the settlement agreement entered into by the trustees, American Cancer and certain other parties. Relators then sought to obtain a writ of prohibition from this court to stop enforcement of the settlement. In *State ex rel. Eichorn v. Luten*, 515 S.W.2d 857 (Mo.App. 1974), a permanent writ of prohibition was ordered as requested by relators. The court held that termination of a trust by a settlement with provisions contrary to those in the trust instrument could not be accomplished unless all beneficiaries, including contingent remaindermen, were parties to the settlement. Because relators had not been made parties to the settlement agreement, it was unenforceable.

On December 18, 1973, while final decision on the application for writ of prohibition in the first *Eichorn* case was pending, relators filed a notice of appeal contesting respondent trial court's denial of their motion to set aside the January 3, 1973 default judgment. Prior to the disposition of the appeal, the writ of prohibition was issued. Relators then filed a motion with the respondent trial court on January 8, 1975 to set aside the May 31, 1973 order which had denied relators' motion to set aside the default judgment, ordered specific performance of the settlement agreement and made final the default judgment against relators. On April 8, 1975, relators' January 8, 1975 motion was sustained and the default judgment was set aside. Relators then filed their answers to the original suit seeking to halt the termination of the trust agreement. On September 18, 1975, relators' appeal contesting the trial court's denial of their initial motion to set aside the default judgment was dismissed by this court for failure of perfection.[1] On October 11, 1976,

the trustee, Robert W. Hammerstein, Jr., filed a motion to set aside the respondent trial court's order of April 8, 1975 (the order setting aside default judgment) on the ground that (1) during the contingency of the appeal by relators, the trial court had no jurisdiction to enter the April 8, 1975 order, and (2) the dismissal of appeal on September 18, 1975 made the default judgment final so it could not be set aside. On August 22, 1976, the respondent trial court sustained the trustee's motion to set aside the order setting aside the default judgment against relators, thereby purportedly reinstating the default judgment. Relators then filed this petition for writ of mandamus asking that we order the respondent trial court to vacate its order of August 22, 1976. We issued an alternative writ of mandamus, and for the reasons which follow we make the writ peremptory.

The key issue in this case is whether the default judgment of January 3, 1973 was an interlocutory or final judgment. Under Rules 74.045 and 74.08, it is apparent that the default judgment issued was interlocutory only. Rule 74.08 provides that where there are several defendants in a suit and some of them make default, an interlocutory judgment by default may be entered against those in default, and the cause may proceed against the others. But the rule specifically provides that only one final judgment shall be given in the actions. Here, although some of the parties (e. g., the trustee and American Cancer Society), attempted to terminate the litigation through settlement, the writ of prohibition issued in the first *Eichron* case prevented the enforcement of the settlement, and the original suit is still pending. The default judgment of January 3, 1973, is therefore interlocutory, because no final judgment has been entered. The law is clear that no final, appealable order exists unless the judgment disposes of all parties and issues in the case. *Bolin v. Farmers Alliance Mut. Ins. Co.*, 549 S.W.2d 886 (Mo.Banc 1977);

---

1. There was no need at this point for the relators to continue their appeal, for the default judgment against them had been set aside and they were now back in their law suit to halt the termination of the trust, which is where they wanted to be.

*State ex rel. Crawford Cty. R–II Sch. Dist. v. Bouse,* 550 S.W.2d 909 (Mo.App.1977); *Claspill v. Craig,* 546 S.W.2d 202 (Mo.App. 1977). As the default judgment of January 3, 1973 was interlocutory and a non-appealable order, the respondent trial court did have jurisdiction to enter its order of April 8, 1975, which set aside the order setting aside the default judgment.

Attorneys for respondent trial court argue that under Rule 75.01, the trial court lost its jurisdiction to set aside the default judgment on April 8, 1975, because that issue was on appeal. But this specific issue was addressed in *Ray Nolting Oldsmobile Co. v. 66 Watson Development Co.,* 518 S.W.2d 167 (Mo.App.1974). In the *Ray Nolting* case, we held that where a non-appealable order is appealed, the trial court does not lose its jurisdiction to make subsequent orders. Thus, the respondent trial court had jurisdiction to set aside the default judgment by its order of April 8, 1975. After the default judgment was set aside, the relators filed their answers. Having filed their answers, they were no longer in default. As relators were not in default, respondent trial court could not reinstate the default judgment. It is on this basis that the writ of mandamus lies.

The motion to dismiss the alternative writ of mandamus is denied, and the writ of mandamus heretofore issued is made peremptory.[2]

All Judges concur.

---

**2.** Attorneys for respondent trial court refer to an order of respondent dated January 27, 1977, purporting to dismiss relators' motion to set aside the default judgment of May 31, 1973 and argue that the January 27 order is still in effect. For the reasons set forth in this opinion, the order of January 27, 1977 is of no force.