Josephine O'BRIEN, Appellant,

v.

Glen JOHNSON, Respondent.

No. 44718.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 29, 1982.

**6.** Mo.Const.Art. I, § 13.

Leland C. Smith, II, St. Charles, for appellant.

George A. Dorsey, Clayton, for respondent.

CRIST, Judge.

Appeal from an order denying appellant's motion under Rule 74.32 to set aside an earlier order quashing garnishment on execution of a child support provision in a divorce decree. Affirmed.

When the parties, ex-spouses, were divorced in 1968, the respondent (husband) was ordered to pay child support for the parties' two children. Though husband had regularly paid through the court since 1976, appellant (wife) sought garnishment on execution in February, 1981, to collect arrearages she claimed accrued before payment through the court commenced.

The trial court sustained husband's motion to quash, which interposed the ten year period of limitation in § 516.350, RSMo. 1978 (all further references to statutory sections are to RSMo. 1978):

> Every judgment, order or decree of any court of record of the United States, or this or any other state ... shall be presumed to be paid and satisfied after the expiration of ten years from the date of the original rendition thereof ... or in case a payment has been made on such judgment, order or decree, and duly entered upon the record thereof, after the expiration of ten years from the last payment so made, and after the expiration of ten years from the date of the original rendition ... or from the date of the last payment, such judgment shall be conclusively presumed to be paid, and no execution, order or process shall issue thereon, nor shall any suit be brought, had or

maintained thereon for any purpose whatever.

Wife did not appeal from the order quashing the garnishment. Instead, on the tenth day following its entry, she moved under Rule 74.32 to set it aside. Rule 74.32 provides:

> Judgments in any court of record shall not be set aside for irregularity, on motion, unless such motion be made within three years after the rendition thereof.

The claimed "irregularity" is the husband's child support Payment History kept since 1976 by the circuit clerk and which purportedly shows the "payment ... duly entered upon the record" that would toll the ten year period of limitation in § 516.350. Wife's motion to set aside was denied and wife appeals from that order, raising the same point here about the Payment History's effect that she raised in the circuit court.

The cases hold repeatedly that:

> [U]nder Rule 74.32 an irregularity sufficient to warrant setting aside a judgment exists if there is "a want of adherence to some prescribed rule or mode of procedure, consisting either in omitting to do something that is necessary for the due and orderly conduct of the suit, or in doing it ... [at] an unreasonable time or [in] an unreasonable manner."

*Susman v. Hi-Fi Fo-Fum, Inc.*, 597 S.W.2d 680, 681 (Mo.App.1980); and see, generally: Comment, *Procedure-Setting Aside Final Judgments in Missouri*, 28 Mo.L.Rev. 281, 286–87 (1963) and cases there collected. Further, "... the 'irregularities' must be such as would have prevented, if known, the rendition and entry of the judgment challenged, and are to be distinguished from ordinary judicial errors in a judgment reached in accord with established rules of procedure." *Crabtree v. Aetna Life Ins. Co.*, 341 Mo. 1173, 111 S.W.2d 103, 106 (1937).

Though we assume the order wife challenged to be a "judgment" within the Rule, the error assigned to the trial court

order sustaining husband's motion to quash would be judicial error, if any, amenable to our review on an appeal from that order, but committed without disregard of any prescribed rule or mode or procedure. A Rule 74.32 motion to vacate does not reach error in a judgment rendered in accord with established procedure, *Crabtree v. Aetna Life Ins. Co.*, 111 S.W.2d at 106; *Robinson v. Martin Wunderlich Const. Co.*, 72 S.W.2d 127, 129–30 (Mo.App.1934), nor may the motion be substituted here or in the trial court for an appeal from the challenged judgment. *Id.* at 129.

Wife failed to show grounds for vacating under Rule 74.32 the trial court's order sustaining husband's motion to quash, and her motion to vacate was properly denied.

Affirmed.

SNYDER, J., concurs.

REINHARD, P. J., concurs in a separate concurring opinion.

REINHARD, Presiding Judge, concurring.

I am constrained to concur in the result reached in this case on procedural grounds by Judge Crist. I do not, however, want my concurrence to be interpreted to mean that I believe that child support and maintenance payments paid through the court under court order do not constitute payments "duly entered upon record" as mentioned in § 516.350 RSMo. 1978. To hold otherwise would be absurd.