639 S.W.2d 848 (1982)
STATE of Missouri ex rel. BROOKS ERECTION & CONSTRUCTION COMPANY, Plaintiff,
v.
The Honorable Gary M. GAERTNER, Judge of the Circuit Court of St. Louis City, Missouri, Defendant.
No. 45615.
Missouri Court of Appeals, Eastern District, Division One.
July 20, 1982.
Motion for Rehearing and/or Transfer Denied September 17, 1982.
Arthur L. Smith, Richard J. Pautler, Patricia Winchell-Hemmer, St. Louis, for plaintiff.
Thomas R. McGinn, St. Louis, for defendant.
*849 SNYDER, Judge.
This is an original proceeding in mandamus to compel defendant to reinstate a default judgment against Slay Bulk Terminals, Inc. (Slay Bulk) that the defendant trial judge had set aside pursuant to a motion by Slay Bulk. Plaintiff claims defendant lacked jurisdiction to set aside the judgment. This court agrees. The alternative writ is made peremptory.
On October 3, 1980 plaintiff filed an action for monies due on a contract against Slay Transportation Co. (Slay Transportation). On March 6, 1981 plaintiff amended its petition to add Slay Bulk as a defendant. On April 8, 1981 plaintiff filed a notice of default and inquiry against both Slay Bulk and Slay Transportation. On May 14, 1981 the trial court, after a hearing on the amount of damages, entered a default judgment against Slay Bulk.
On May 22, 1981 both trial defendants moved to set aside the default judgment. The court denied this motion on August 17, 1981. On that date plaintiff, without leave of court, dismissed its action without prejudice against Slay Transportation. Both trial defendants filed a notice of appeal.
On September 30, 1981, after filing the notice of appeal, and 44 days after the trial court's denial of the first motion to set aside, the trial defendants filed a second motion to set aside the judgment. Plaintiff filed a petition for a writ of prohibition or mandamus to stop the trial court's consideration of the second motion to set aside. This court denied the petition. On March 12, 1982 the trial court, after a hearing, granted the motion to set aside the judgment. Plaintiff then commenced the instant action.
The central issue is whether the trial court had jurisdiction to consider the second motion to set aside. Mandamus will lie to correct an act done without jurisdiction. State ex rel Emcasco Insurance Co. v. Rush, 546 S.W.2d 188, 200[6, 7] (Mo.App.1977); State ex rel. M.B. v. Brown, 532 S.W.2d 893, 895[1-3] (Mo.App.1976).
Plaintiff claims the August 17, 1981 ruling denying the motion to set aside the default against Slay Bulk, combined with the dismissal of Slay Transportation under Rule 67.01 was a final judgment and that, under Rule 75.01, the trial court lost jurisdiction over the case 30 days later. The second motion to set aside was filed 44 days after August 17, 1981 and therefore the court lacked jurisdiction.
This court agrees that the final judgment was entered August 17, 1981. Defendant claims that the judgment was not final on that day because Slay Transportation was not properly dismissed, no leave of court having been obtained by plaintiff. Because all issues between all parties were not resolved, according to defendant, the default remained interlocutory and within the jurisdiction of the trial court. See, State ex rel. Eichorn v. Luten, 561 S.W.2d 435 (Mo.App. 1978).
Whether the dismissal was proper turns on the meaning of Rule 67.01. Rule 67.01 provides, in part, "A civil action may be dismissed by the plaintiff without prejudice without order of court anytime prior to the introduction of evidence at the trial. After the introduction of evidence is commenced, a plaintiff may dismiss his action without prejudice only by leave of court or by written consent of the adverse party."
The Missouri Supreme Court has determined that "the introduction of evidence at the trial" means evidence adduced at a trial on the merits. Garrison v. Jones, 557 S.W.2d 247, 249[1] (Mo. banc 1977).
Defendant claims the May 14, 1981 hearing on the amount of damages was a trial on the merits and that plaintiff introduced evidence at that time. Therefore, plaintiff needed leave of court or consent of its adversary[1] to dismiss Slay Transportation.
A default proceeding, however, is not a trial. Crossland v. Admire, 118 Mo. 87, 24 S.W. 154, 154 (1893); Farrell v. DeClue, 365 S.W.2d 68, 72[6] (Mo.App.1963). All claims are admitted by the default with *850 the exception of unliquidated damages. Sumpter v. J.E. Sieben Construction Co., 492 S.W.2d 150, 153[8-11] (Mo.App.1973). In a hearing to assess those damages "the inquiry is directed solely to the amount for which the judgment shall be given. No issue between the parties is tried." Crossland v. Admire, supra; accord, Farrell v. DeClue, supra.
Because no trial on the merits occurred, plaintiff's dismissal of Slay Transportation was proper. On August 17, 1981 all issues between all parties had been resolved. The default judgment therefore became final and the trial court lost jurisdiction over the judgment 30 days later. Rule 75.01.
Defendant, however, further claims that even if the court had no authority under Rule 75.01 to consider the second motion to set aside the court could still consider the motion under Rule 74.32. Rule 74.32 gives the trial court jurisdiction for 3 years after a judgment becomes final to vacate the judgment for an irregularity.
This argument might be persuasive except for the fact that Slay Bulk filed a notice of appeal. The filing of the notice of appeal and payment of the docket fee removed the case from the jurisdiction of the lower court. State v. Armstrong, 605 S.W.2d 526, 529[1-4] (Mo.App.1980); Brock v. Steward, 519 S.W.2d 365, 367[1] (Mo.App. 1975).
Defendant cites State ex rel. Eichorn v. Luten, supra, for the proposition that filing a notice of appeal does not remove the trial court's jurisdiction to consider a motion to set aside a default. Luten, however, is distinguishable because there the default was against only one defendant and several other defendants remained in the case. Therefore, the default was interlocutory and not appealable, and the notice of appeal did not remove the trial court's jurisdiction. State ex rel. Eichorn v. Luten, supra at 438.
In this case the default judgment is final. The default defendant is the only defendant remaining in the case. The notice of appeal removed the case from the trial court's jurisdiction. The trial court's setting aside of the judgment, therefore, was without jurisdiction. Mandamus is the proper remedy to correct this action.
Plaintiff argues that granting a motion to set aside this judgment under Rule 74.32 would be a clear abuse of discretion. Plaintiff urges this court to issue the writ on this basis, as well as the trial court's lack of jurisdiction.
Mandamus will lie to remedy a clear abuse of discretion. State ex rel. Keystone Laundry and Dry Cleaners, Inc. v. McDonnell, 426 S.W.2d 11, 15[4] (Mo.1968). The abuse of discretion must be clear. If there is any doubt of the legal right to compel the trial court to act, mandamus will not lie. State ex rel. Christian v. Lawry, 405 S.W.2d 729, 731[6-7] (Mo.App.1966).
Plaintiff correctly points out that Rule 74.32 provides only a very narrow remedy. The judgment may be set aside for an irregularity under Rule 74.32 only if there was a procedural error patent on the face of the record. State ex rel. State Highway Commission v. Livingston, 594 S.W.2d 651, 654[1] (Mo.App.1980); Godsy v. Godsy, 565 S.W.2d 726, 732[6, 7] (Mo.App.), appeal dismissed, 439 U.S. 960, 99 S.Ct. 445, 58 L.Ed.2d 419 (1978); Comment, Procedure Setting Aside Final Judgments in Missouri, 28 Mo.L.Rev. 281, 286-90 (1963). The trial court in its order cited no irregularity and in fact gave no specific reason for setting aside the default.
In this case plaintiff has failed to provide this court with a complete record. Thus, this court cannot say without a doubt that no error appears on the face of the record. Because this doubt exists, mandamus would not lie on the basis of the trial court's purported abuse of discretion under Rule 74.32.
However, mandamus will lie because the trial court lacked jurisdiction at the time the second motion to set aside was filed and ruled upon.
The alternative writ is made peremptory.
CRANDALL and SATZ, JJ., concur.
NOTES
[1] Written consent of the adverse party was not obtained.