**ESTATE OF Myrtle G. KENNEDY,
Deceased, Roberta H. Long,
Administratrix, Respondent,**

v.

**Joseph B. MENARD and Mary E.
Menard, Appellants.**

No. 49030.

Missouri Court of Appeals,
Eastern District,
Southern Division.

April 30, 1985.

Ronald E. Pedigo, Farmington, for appellants.

William Gerald Reeves, Farmington, for respondent.

CRANDALL, Judge.

Defendants, Joseph and Mary Menard, appeal after a default judgment in plaintiff's action for specific performance of a real estate contract. We affirm.

We first review the procedural history of this case. Plaintiff, Roberta Long, in her capacity as administratrix of the estate of Myrtle Kennedy, filed a petition for specific performance on December 15, 1981. Plaintiff alleged defendants had entered into a contract to purchase from the estate certain property for the price of $12,000, subject to defendants obtaining financing at a specific institution. Plaintiff claimed defendants failed to even contact the institution regarding financing.

Defendants were personally served but did not appear. A default judgment was entered on August 25, 1982, which stated:

It is therefore adjudged that the Real Estate Contract described in Plaintiff's Petition dated March 5, 1982[1] be specifically performed and carried into execution. Defendants are ordered to pay to Plaintiff the sum of $13,562.14, which represents $11,950.00 as principal and $1,612.14 as and for interest from March 5, 1981 to the date of this Judgment. Judgment shall bear interest as provided by law. Upon Defendants' payment of said sum of $13,562.14 and all accrued interest thereon, Plaintiff shall deliver to the Defendants a warranty deed with the usual covenants, conveying to Defend-

---

1. The legal file indicates the contract was dated March 5, 1981.

ants the following described real estate located in St. Francois County, Missouri:

All of Lots Twenty-Two (22) and Twenty-Four (24), John C. Alexander's Subdivision, as shown on a plat of said subdivision recorded in Plat Book 3 at page 11 of the Land Records of St. Francois County, Missouri.

The Court further adjudges that until such time as Defendant specifically perform said Contract, Plaintiff shall have a vendor's lien upon said real estate in said amount of $13,562.14 and accrued interest.

The Court orders and directs Defendants to perform the foregoing obligations forthwith, subject to such further proceedings for contempt, injunctive relief or other in personam relief which may be requested by Plaintiff. In the event Defendants shall fail to complete specific performance of said Contract within thirty (30) days from the date hereof, the Court, taking judicial notice of the Order to Sell Real Estate having been granted in the Estate of Myrtle G. Kennedy, Probate Estate No. CV680–358P, hereby authorizes Plaintiff to sell said real estate pursuant to said order for the best price obtainable, said sale being approved by the Probate Division of the Circuit Court of St. Francois County, Missouri; Judgment shall thereupon be entered against the Defendants for any deficiency balance on the aforesaid Contract. Costs shall be taxed to the Defendants.

On March 16, 1983, plaintiff requested a deficiency judgment, stating she had sold the property for $6,000 after defendants failed to perform. A deficiency judgment in the amount of $8,301.99 was entered on April 13, 1983.

On October 7, 1983, defendants filed what was labeled a petition for review of the default judgment under § 511.170, RSMo (1978), whose counterpart is Rule 74.12. Plaintiff on January 9, 1984, filed a motion to dismiss the petition for review claiming such a remedy is not available to a defendant who has been personally served as defendants were here.

On February 1, 1984, defendants filed an amended petition, again labeling it a petition for review under § 511.170. This petition alleged (1) the default judgment was a result of perjury committed by plaintiff, (2) that there was insufficient evidence to sustain any judgment, (3) that defendants had a meritorious defense to the action, (4) that the default judgment of August 20, 1982, violated the rule that relief upon default may not be other or greater than that demanded by plaintiff's original petition served on defendants, and (5) the deficiency judgment was entered without notice to defendants.

Plaintiff filed a motion to dismiss the first amended petition. The court heard arguments on the motion and on March 26, 1984, entered an order ostensibly ruling on the motion to dismiss. The court sustained plaintiff's motion to dismiss the part of the petition alleging perjury by the plaintiff, with the court viewing it as a § 511.170 petition, and correctly holding that § 511.-170 does not apply to cases where defendants have been personally served. The court then considered two other points for irregularities, apparently under Rule 74.32. The court found the August 20, 1982, judgment did not grant relief greater or other than that demanded in plaintiff's petition and stated there was no irregularity in this regard. It appeared the court was ruling on the *merits* of a Rule 74.32 motion, although the court stated it was sustaining plaintiff's motion to dismiss defendants' petition. Finally, the court found that because defendants were not personally served for purposes of the deficiency proceeding, an irregularity existed; and the defendants should receive an evidentiary hearing on the limited issue of a possible deficiency judgment. Here the court stated it was overruling plaintiff's motion to dismiss, but clearly the court was setting aside the deficiency judgment, thus ruling on the merits of defendants' petition.

A hearing was then held on the question of a deficiency, and on August 13, 1984, judgment was entered for plaintiff for

$9,321.23. Defendants appealed following entry of this deficiency judgment.

■ We view the appeal as being from the denial of defendants' so-called petition for review, which seemed to include a Rule 74.32 motion. This is so because defendants cannot directly appeal the default judgment, because no timely motion to set aside was filed. *VonSmith v. VonSmith,* 666 S.W.2d 424 (Mo.banc 1984), *on retransfer,* 666 S.W.2d 426 (Mo.App.1984).

Defendants first appear to make reference to possible review under Rules 74.045 and 74.05. Rule 74.05 allows for an interlocutory judgment to be set aside for good cause shown any time before damages are assessed or final judgment entered. Here damages had been assessed and final judgment had been entered before defendants filed their petition.

The two petitions filed here by defendants were filed after the first deficiency judgment and before that deficiency judgment was set aside. Neither one can be construed as a motion to set aside under Rule 74.05, nor could they be construed as motions for new trial or motions invoking the court's jurisdiction for thirty days following entry of judgment. *See Sullenger v. Cooke Sales & Service Co.,* 646 S.W.2d 85, 87 n. 2 (Mo. banc 1983).

■ Defendants also contend we should review the merits of the default judgment under Rule 74.12, which states:

> When such interlocutory judgment shall be made and final judgment entered thereon against any defendant who shall neither have been summoned personally nor have appeared to the suit, or who has been made a party as the representative of one who shall have been summoned or appeared, such final judgment may be set aside, if the defendant shall, within the time hereinafter limited, appear, and, by petition for review, show good cause for setting aside such judgment.

The rule "requires an allegation that defendant was not personally served, and because defendant was personally served with process, the remedy of petition for review was not available to him, no matter how meritorious his defense would have been." *Young v. Smith By Burke,* 648 S.W.2d 916, 918–919 (Mo.App.1983). Defendants here were personally served in the underlying default judgment proceeding, but were not at first personally served in the action for a deficiency judgment. However, the deficiency judgment was set aside by the trial court because of the lack of personal service, and defendant was then deemed to have been personally served in a new deficiency judgment proceeding. Since Rule 74.12 does not apply when a defendant is personally served, we go no further in reviewing this aspect of defendants' appeal.

Defendants next contend irregularities exist which require the default judgment be set aside. Rule 74.32. This rule "provides only a very narrow remedy. The judgment may be set aside for an irregularity under Rule 74.32 only if there was a procedural error patent on the face of the record." *State ex rel. Brooks Erection & Construction Co. v. Gaertner,* 639 S.W.2d 848, 850 (Mo.App.1982). "An irregularity within the meaning of Rule 74.32 ... has been defined as the failure to adhere to some prescribed rule or mode of proceeding.... Such an irregularity consists either in omitting to do something that is necessary for the due and orderly conduct of a suit, or doing it at an unseasonable time or an improper manner." *Pikey v. Pikey,* 605 S.W.2d 215, 217 (Mo.App.1980).

■ In addition, "the irregularities must be such as would have prevented, if known, the rendition and entry of the judgment challenged, and are to be distinguished from ordinary judicial errors in a judgment reached in accord with established rules of procedure." *Crabtree v. Aetna Life Ins. Co.,* 341 Mo. 1173, 111 S.W.2d 103, 106 (1937), *cited in O'Brien v. Johnson,* 636 S.W.2d 398, 399 (Mo.App.1982). Nor can a Rule 74.32 motion be substituted for a direct appeal. *O'Brien,* 636 S.W.2d at 400.

■ The first alleged irregularity is in the admission of testimony by plaintiff that

an official of the financial institution where defendants were to seek financing told her defendants never attempted to obtain a loan. Defendants claim this is hearsay testimony and should not have been allowed. If there was any error in the admission of hearsay testimony, it would be judicial, not procedural error.

■ The other irregularity defendants allege is that the relief granted in the default judgment was other or greater than that prayed for. Rule 74.11; *Rook v. John F. Oliver Trucking Co.*, 505 S.W.2d 157, 160 (Mo.App.1973).

Rule 74.11 states that the relief granted upon default may not be "other or greater than that which he shall have demanded in the petition, as originally served on defendant." "A defendant may desire to let judgment go by default when he is aware of the limit on the amount of damages claimed in the prayer, but would not be so desirous if he could be subjected to a judgment in a sum exceeding the amount of relief prayed for." *Rook*, 505 S.W.2d at 161.

Plaintiff's prayer for relief stated:

WHEREFORE, Plaintiff prays for judgment ordering and directing the Defendants to accept said deed and to pay Plaintiff the balance of the purchase money, the sum of Eleven Thousand Nine Hundred Fifty Dollars ($11,950.00), with interest from the 5th day of March, 1981, the initial date of tender; and that such judgment be declared a lien on said land, in favor of Plaintiff, until paid; and that they pay the costs of this suit, and for such other relief as the Court may deem proper.

Defendants argue that the judgment granted greater or other relief when it allowed plaintiff to sell the property and obtain a deficiency judgment, and that this constituted an irregularity. *Barney v. Suggs*, 688 S.W.2d 356, 359 n. 1 (Mo. banc 1985).

Plaintiff's prayer asked for the judgment to be declared a lien on the property. From the request for a lien, defendants should have known that a consequence of their default might be that plaintiff would sell the land, especially since the plaintiff still had possession of the property at the time of default. "[S]pecific performance decrees have been *enforced* by sale of the land and the rendition of a deficiency judgment against defendant." *Robert Blond Meat Co. v. Eisenberg*, 273 S.W.2d 297, 299 (Mo.1954) (emphasis added). The court in the present case was enforcing the specific performance decree and not granting greater or other relief than that demanded by plaintiff.

The present case is unlike other cases where a judgment has been set aside for granting relief other or greater than that demanded. In *La Presto v. La Presto*, 308 S.W.2d 724 (Mo.1957), plaintiff's petition asked that certain property be declared owned by her and the defendant by the entirety. The judgment on default declared plaintiff was sole owner. The appellate court found this to violate the rule on relief not exceeding that stated in the petition. In *Wooten v. Friedberg*, 355 Mo. 756, 198 S.W.2d 1 (1946), plaintiffs had sued for specific performance of a land sales contract. Plaintiffs were the buyers of the property. The court, in a default judgment, ordered that if defendant failed to convey the property to plaintiffs within a given period, that plaintiffs would not only get the property but also could keep the purchase money already deposited in court. The supreme court held this was an irregularity apparent on the face of the record because plaintiffs got "much more than the contract which they sought to have performed provided for." *Wooten*, 198 S.W.2d at 8.

In *Matter of Estate of Scholz*, 615 S.W.2d 459 (Mo.App.1981), the trial court had granted money damages when plaintiff had only prayed for a declaration that defendant did not have an interest in certain property. This court found that since money damages were not in the prayer, that Rule 74.11 had been violated.

■ The present case does not involve relief not demanded. Plaintiff demanded specific performance and a lien on the land for the purchase price. Defendants should

have known they would either have to pay the purchase price and receive the property or pay the deficiency if plaintiff had to sell it to someone else. Once defendants were validly served, they were charged with notice and in court for all subsequent proceedings. *Barney v. Suggs,* 688 S.W.2d at 359–360. In addition, defendants had the benefit of arguing the merits of the deficiency judgment in the second deficiency proceeding. Defendants' point is denied.

Defendants also contend that a fraud was perpetrated upon the court by plaintiff, claiming plaintiff testified falsely. Defendants cite no authority for this point. "[T]he judgment against which equity relieves is a judgment *procured* by fraud and not one *proved* by fraud—or, in the usual expression, a fraud extrinsic and not intrinsic to the judgment.... [E]ven perjury—unless accompanied by conduct of a suitor which prevented the appearance or meritorious defense of the other suitor—even perjury does not suffice to allow the litigant another opportunity to try the merits of the case." *Barker v. Friendly American, Inc.,* 606 S.W.2d 457, 459–460 (Mo.App. 1980). Thus we need not consider whether perjury was involved here, because that issue is irrelevant.

Defendants assert generally there was no probative evidence of their liability to support the underlying default judgment. We need not review the evidence presented by plaintiff under Rule 74.32 review. *Barney v. Suggs,* 688 S.W.2d at 358. Moreover, "[a]fter default, the defendant's argument that plaintiffs' evidence did not sufficiently prove the petition allegation ... becomes irrelevant. The defendant cannot complain that plaintiffs did imperfectly that which they were not required to do at all." *Sumpter v. J.E. Sieben Construction Co.,* 492 S.W.2d 150, 153 (Mo. App.1973). "A default nihil dicit admits the traversable allegations of the petition as to the cause of action pleaded, in effect admitting injury to the plaintiff by the violation of a legally protected interest, but the default does not admit that damages resulted from that injury." *O'Connor v.*

*Quiktrip Corp.,* 671 S.W.2d 17, 19 (Mo. App.1984). Further, the sufficiency of the evidence on damages is assumed under a Rule 74.32 review. *Barney v. Suggs,* 688 S.W.2d at 359. Defendant's point that there was insufficient evidence of their liability is denied.

Defendants make a bare assertion in a Point Relied On that the court erred in failing to grant them an evidentiary hearing on the propriety of awarding a default judgment. We have already found Rule 74.12 could not be applied in this case. *See Jackson v. Wheeler,* 567 S.W.2d 363, 369 (Mo.App.1978) for a discussion on the need for an evidentiary hearing on Rule 74.12 motions.

Under Rule 74.32, the irregularity must be a procedural error patent on the face of the record. *State ex rel. Brooks,* 639 S.W.2d at 850. An evidentiary hearing would be fruitless under a rule requiring the error to appear on the face of the record. There is little, if any, discretion in considering an irregularity on the face of the record. *Salle v. Holland Furnace Co.,* 337 S.W.2d 87, 90 (Mo.1960).

The judgment of the trial court is affirmed.

DOWD, P.J., and CRIST, J., concur.