———o———

JULIUS F. SCHNEIDER, Respondent, *vs.* CHARLES MEYER, *et al.*, Appellants.

1. *Judgment—Satisfaction of—Notes given for.*—A note given by a judgment debtor to the judgment creditor for the amount of the debt, but designed only to fix the time for payment, and which being unpaid at maturity is returned to the maker, is not a satisfaction of the judgment; and the co-defendants of the debtor, against whom judgment has also been rendered, are not entitled, on account of said note, to have the judgment entered as satisfied. The delivery of such note, to plaintiff is not a satisfaction of the judgment either at law or in equity.

2. *Equity—Practice, civil—Motions—Relief.*—Where a motion is made under a statute for a particular remedy therein provided, it is not competent for the court, on that motion, to grant other equitable relief which is not embraced in or relied on in the motion.

*Appeal from St. Louis Circuit Court.*

*W. B. Thompson*, for Appellants.

*Rudolph Schulenburg*, for Respondent.

VORIES, Judge, delivered the opinion of the court.

This was a motion filed under the provisions of the 24 Sec. of the statutes of this State concerning Judgments. (Wagn. Stat., 792.)

The motion was filed in the St. Louis Circuit Court in March, 1872. The facts, as they appear in the record, are about as follows:

On the 20th of September, 1869, the plaintiff recovered a judgment against the three defendants, named in the caption, before a Justice of the Peace of St. Louis county, for the sum of $200 and costs, upon which an execution was issued and returned not satisfied. After this, the plaintiff caused a transcript of the judgment to be filed in the office of the Clerk of the Circuit Court of St. Louis county, as provided by law. The judgment before the justice was recovered on a promissory note executed by all three of the defendants to the plaintiff. Plaintiff also had two other judgments against defendant, Meyer, for the sum of two hundred dollars each. The defendants, Stueck and Hertz, were the sureties of defendant, Meyer, on the note upon which the judgment was rendered against them. On the 30th day of September, 1869, ten days after the judgment was rendered by the justice of the peace against the defendants, the defendant, Charles Meyer, and his wife, Caroline Meyer, who had an interest in some real estate which was held by her as her separate property, executed and delivered to the plaintiff, Schneider, their three several promissory notes, one payable in one month, one in two months, and the other in three months after the date thereof, and each for the sum of two hundred dollars. The evidence shows, that these notes were each intended to cover the amount due by one of the judgments before stated, except interest and costs; that the object in executing these notes and delivering them to Schneider was to fix a time at which these judgments should be paid; but it was expressly agreed between the parties that the notes were not received in payment or discharge of the judgments, but that they were held as collateral thereto, and that if the notes were not paid when due, plaintiff should proceed under the judgments to collect the amounts due thereon.

The notes were not paid when due, and were delivered up by plaintiff to Meyer and his wife. The defendants, Stueck

and Hertz, the evidence shows, did not have anything to do with the contract in reference to these notes taken as collateral to the judgments, and never assented to their being delivered up to the makers.

After the notes were delivered up to Meyer and wife, a motion was filed on the part of all of the defendants for the purpose of having satisfaction entered of the judgment. It was alleged in the motion, that the judgment had been fully discharged and paid off, and that the plaintiff, although he had been requested so to do, had refused to enter satisfaction of the judgment, wherefore the court was asked to cause satisfaction to be entered, &c. The court heard the motion, and upon the facts before stated, sustained the motion as to the defendants, Jacob Stueck and Charles Julius Hertz, and ordered satisfaction of the judgment to be entered as to them.

The plaintiff filed a motion for a re-hearing, which being overruled, he appealed to General Term of said court. The court at General Term reversed the judgment rendered at Special Term, from which last judgment the defendants, Stueck and Hertz, appealed to this court.

The statute, under which this proceeding was had, provides, that, "If any person receiving satisfaction of a judgment or decree shall refuse, within a reasonable time after request of the party interested therein, to acknowledge satisfaction on the record, or cause the same to be done in the manner herein provided, the person so interested, on notice given, may apply to the court to have the same done, and the court may thereupon order the satisfaction to be entered by the clerk, with the like effect as if acknowledged as aforesaid," &c. It is clear to my mind, that the facts shown in this case by the evidence in the bill of exceptions, do not bring it within the provisions of the statute. There is no such satisfaction of the judgment shown as will bring the case within the remedy contemplated by the statute. If any of the defendants are released from the obligations of the judgment, they must be relieved under some other proceeding than the one here adopted.

It is, however, contended by the defendant, that if the provisions of the statute are not broad enough to cover the facts of this case, still he has a right to the relief he asks under the rules in equity which apply in such cases.

In the first place, I do not agree that a motion may be made under a special statute for a remedy therein provided, and that, under such motion, the court would give the party some other equitable relief, which was neither embraced in, or relied on by the motion. It is, or may be true, that courts having common law jurisdiction, may upon motion in analogy to the old writ of *audita querela* set aside or vacate judgments for irregularities in the proceedings by which one party has obtained an inequitable advantage of the other, by an abuse or misapplication of the process or other proceedings in the court, and it may be in some other cases, as was attempted in the case of Wood & Oliver vs. Ellis, (10 Mo., 383). But this is not that case. This case grows out of a transaction since the judgment was had, between the plaintiff and one of the defendants, by which it is contended, that the other two defendants are released in equity from further liability on the judgment. There is no pretense that the judgment has been actually satisfied or discharged as to the other defendant, and hence no satisfaction of the judgment could be entered under the motion. If the defendants have any remedy in such case it is certainly not by motion; but must be obtained by a bill for an injunction or other bill in equity as was done in the case of Rice vs. Morton, 19 Mo., 263.

The judgment of the court at General Term will be affirmed. Judge Wagner absent. The other judges concur.