Robert & Carol **JOHNSON**, His Wife, d/b/a Loutre Food Market and Junior Collins & Fern Collins, Husband and Wife, Plaintiffs-Appellants,

v.

**MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION**, and Kirkwood Contractors, Inc., & Montgomery County, Defendants-Respondents.

No. 49475.

Missouri Court of Appeals,
Eastern District,
Northern Division.

Dec. 24, 1985.

**522**

Duane Benton, Jefferson City, for plaintiffs-appellants.

Dennis Rebel, Asst. Counsel, Missouri Highway & Transp. Com'n, Jefferson City, for respondent Missouri Highway & Transp. Com'n.

DOWD, Presiding Judge.

Plaintiffs-appellants, Robert and Carol Johnson, appeal from a judgment that the doctrine of res judicata bars them from asserting any compensable interest in a tract of land as leaseholders. We affirm.

The facts of this case arise from the Highway Commission's (hereinafter Commission) condemnation of part of a tract of land situated at the intersection of Highway 19 and 94 in Montgomery County, Missouri. The four acre tract was initially owned in fee by Junior and Fern Collins. The Johnsons and the Eggerses operated separate commercial establishments on the tract pursuant to separate short term leases.

There have been two rounds of litigation involving this tract of land. The initial controversy reached this court in *State of Missouri ex rel. Highway Commission v. Johnson*, 592 S.W.2d 854 (Mo.App.1979). While this opinion sets out only those facts necessary for the disposition of the issues now before us, the previous decision provides an excellent and comprehensive discussion of the historical background.

In the first round of litigation, the Commission filed a petition for condemnation. The Commission sought to extinguish the interests that the Johnsons and the Eggerses claimed, by virtue of their leases, in the .77 acre L-shaped strip of land. The Commission introduced evidence that it had acquired a fee interest in the strip from the Collinses in December 1974. Furthermore, the Commission's petition stated that the land had been appraised and an offer made to the Johnsons and Eggerses, but that negotiations for acquisition had been unsuccessful.

After a condemnation hearing and jury trial in favor of the Johnsons and Eggerses, the Commission appealed. The Commission sought review of the trial court's failure to grant the Commission's motion for a directed verdict. This court reversed, holding that the Johnsons and Eggerses had failed to sustain their burden of proof on the issue whether they held a compensable interest in that land and the Commission's motion for a directed verdict should have been granted. The opinion noted that the Johnsons had made no attempt to bring the leases, and parol evidence as to their meaning, before the jury. In fact, the Johnsons had induced the trial court to rule that the leases could not be placed before the jury. *Johnson*, 592 S.W.2d at 859.

In the second round of litigation, on appeal here, the Johnsons and the Collinses challenged the validity of the warranty deed under which the Commission claimed fee ownership of the condemned strip. The suit was grounded on alleged fraud and misrepresentation by the Commission. The Johnsons asked the trial court to invalidate the deed from the Collinses to the Commission and to recognize a subsequent conveyance from the Collinses to the Johnsons. In the alternative, the Johnsons again asserted a compensable leasehold interest.

The pleading reflected three counts. Count I was a request to quiet title to the tract. Count II was an inverse-condemnation count whereby the Johnsons requested just compensation for the taking and damaging of their property. Count III was dismissed by the trial court.

The trial court granted a motion for a separate trial on Count I. At the close of evidence, the Commission made a motion for judgment. The trial court granted the motion, finding:

1. That no material false representations were made by an agent of any of the Plaintiffs;

2. That any representations made by an agent of the Defendant to any of the Plaintiffs which may have been false or incorrect were matters of opinion or were insignificant, and the correct information was available to Plaintiffs had they sought it;

3. That the five year statute of limitations for fraud applies to this action and that Plaintiffs Junior Collins and Fern [sic] Collins are barred by said statute of limitations;

4. That Plaintiffs Robert Johnson and Carol Johnson are barred from asserting any compensable interest herein by the doctrine of res judicata as a result of the decision in the *State of Missouri ex rel. State Highway Commission of Missouri vs. Robert W. Johnson, et al.,* 592 S.W.2d 854 (Mo.App.1979).

■ The Johnsons on appeal challenge only that portion of the Order which finds that they are barred from asserting any compensable interest in the subject tract by the doctrine of res judicata. The Johnsons argue that Count I related solely to the issue of their ownership of the land in fee simple and assert the issue of compensable interest as leaseholders was contained only in Count II. Therefore, the Johnsons contend that the trial court, while ruling solely on Count I, had no jurisdiction to determine that the doctrine of res judicata barred them from asserting any compensable interest as leaseholders. This point is denied.

A careful reading of the pleadings reveals that Count I addressed the Johnsons' interest in the land. The Johnsons requested the trial court to determine the title and interests of the respective parties. Specifically in Count I, the Johnsons stated:

10. That Plaintiffs Robert W. Johnson and Carol Johnson assert title in fee simple to the above described property pursuant to a General Warranty Deed by Junior Collins and Fern Collins to Robert W. Johnson and Carol Johnson, executed on or about April 1, 1977, *or alternatively, Plaintiffs assert that at all times material herein Plaintiffs held a valid leasehold interest in the subject property. . . .* (emphasis added).

Therefore, this court holds that finding # 4 does not go beyond the issues raised and submitted by the parties in Count I. Finding # 4 was entered after notice and an opportunity for a hearing, and thus there was no denial of due process of law.

■ The Johnsons also argue that the trial court misapplied the doctrine of res judicata. They assert that the previous decision, *State ex rel. Highway Commission v. Johnson, supra,* did not finally decide the issue of the Johnsons' compensable interest in the property as leaseholders or whether the Johnsons could seek compensation. This point is also denied.

The appellate court in the previous case ruled that the trial court should have granted the Commission's motion for a directed verdict. The Johnsons had their opportunity to litigate the issue and they failed to meet their burden of proof on the issue of whether they held a compensable interest in the land. *Johnson,* 592 S.W.2d at 859. The appellate court ruling was a final and appealable determination of the Johnsons' compensable leasehold interest. No essential distinction exists between that issue and the issue as raised, in the alternative, in Count I of the appellants' petition. *First Nat. Bank of Kansas City v. Christopher,* 624 S.W.2d 474, 479 (Mo.App.1981); *Munday v. Thielecke,* 483 S.W.2d 679, 681–82 (Mo.App.1972). We hold that the trial court properly ruled that the doctrine of res judicata barred the Johnsons from asserting any compensable interest in the property as leaseholders.

The judgment is affirmed.

REINHARD and CRIST, JJ., concur.