**CENTERRE BANK,**
**Plaintiff-Respondent,**

v.

**Miles E. & Hope M. BAY and; Miles E. & Hope M. Bay; d/b/a Bay Oil Company, and; Bay's Texaco Service & Supply Inc. and; Bay's Texaco Service & Supply Inc. d/b/a Bay's Service Center and; Ed Bowers, d/b/a Ed's Service Center. Defendants-Appellants.**

**No. 50669.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 17, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 16, 1986.

Application to Transfer Denied
Sept. 16, 1986.

Frank K. Carlson, Melvin G. Franke, Union, for defendants-appellants.

David L. Baylard, A. David Arand, Union, for plaintiff-respondent.

KAROHL, Presiding Judge.

Defendants, Miles and Hope Bay, d/b/a, Bay's Texaco Service and Supply, Inc., appeal trial court order denying defendants' motion to set aside default judgment for irregularity under Rule 74.32. Defendants claim the award of damages in the judgment for the plaintiff, Centerre Bank, was unsupported by any evidence and that this constitutes a Rule 74.32 irregularity.

The relevant facts are as follows. On July 28, 1982, Centerre Bank filed a petition in two counts against Miles E. Bay and Hope M. Bay, individually and as parties doing business as Bay Oil Company, Bay's Texaco Service & Supply, Inc., Bay's Texaco Service & Supply, Inc. d/b/a Bay's Service Center and Ed Bowers. The first count stated a cause of action to replevin two trucks and equipment used in the operation of a service station. Count II stated a cause of action on three separate promissory notes. It alleged the first note was executed by the defendants Bay on February 24, 1981 and modified on February 24, 1982 "and there is a balance thereon due and owing to the plaintiff as of July 28, 1982 in the sum of One Hundred, Sixteen Thousand, Nine Hundred, Seventy-One Dollars and 22/100 ($116,971.22) with interest thereafter at Forty-Four Dollars and 64/100 ($44.64) per diem." In separate paragraphs Count II alleged a balance on a January 27, 1982 note of $33,367.44 plus accruing interest at a given rate and a third note alleging a balance of $119,012.70 with accruing interest at a given rate. Copies of the promissory notes and security agreements securing the notes were attached and incorporated in the petition. In addition, the plaintiff filed an affidavit in support of proposed order of delivery and summons in replevin for the personal property. The court ordered delivery and summons in replevin returnable August 17, 1982, and set a bond.

On August 17, 1982, an attorney, J.L. Anding, entered on behalf of all defendants except Ed Bowers and was granted until September 1, 1982 to file responsive pleadings. On August 25, 1982, plaintiff's certificate of readiness for hearing was filed and the cause was placed on motion and default docket for September 7, 1982 for disposition. On September 7, 1982, the case was passed because no one appeared.

On September 10, 1982, plaintiff filed a certificate of readiness for hearing and request that the case be placed on a default docket of September 21, 1982 for disposition. On that date the court entered judgment as follows: On Count I the court granted replevin for all of the personal property mentioned in Count I of the petition; on Count II the court entered judgment against all defendants except Ed Bowers for $268,351.36 principal, $5,829.45 accrued interest for a total of $274,180.71 and the sum of $5,000.00 as attorney's fee. The notes provided for reasonable attorney's fees for collection and a request therefor was made in the petition. The determination and amount of fee is not specifically questioned.

On March 29, 1983, plaintiff sought and obtained an execution on the judgment. The execution realized for the benefit of plaintiff the sum of $35,001.00. On May 18, 1983, plaintiff again executed on the judgment and received $2500.00. A third execution was begun on July 11, 1983. It was apparently unsuccessful.

On October 5, 1984, defendants Bay filed the present motion to set aside the judgment for irregularity under Rule 74.32. The court denied the motion on July 29, 1985. The trial court concluded that the claim on the promissory notes was a claim for liquidated damages and that no evidence was required to support a judgment based on pleadings which set forth the exact balances due on a fixed date and a stated rate of interest to calculate a balance due on the date of judgment. It was the considered decision of the trial court that default confessed the execution and delivery of the notes and a specific amount of money due with interest running from a certain date at a specified amount. It concluded that a hearing and entry of a new judgment based upon the same facts would not alter the result. On these same grounds the trial court denied a motion for reconsideration and this appeal followed.

■ Our Supreme Court has thoroughly discussed the nature of a motion to set aside for irregularity under Rule 74.32. *Barney v. Suggs,* 688 S.W.2d 356 (Mo.banc 1985). Under this decision the remedy provided by Rule 74.32 is very narrow. The irregularity must render the judgment contrary to proper result. It must be patent on the record and must not depend upon proof beyond the record. The rule only reaches procedural errors that if known would have prevented the entry of the judgment. *Suggs,* 688 S.W.2d at 358–359. An irregularity within the meaning of the rule has been defined as the failure to adhere to some prescribed rule or mode of proceeding. This consists either in omitting to do something that is necessary for the due and ordinary conduct of a suit, or doing it at an unreasonable time or improper manner. *Estate of Kennedy v. Menard,* 690 S.W.2d 465, 468 (Mo.App.1985).

■ A Rule 74.32 proceeding is not a substitute for direct appeal. *Rubbelke v. Aebli,* 340 S.W.2d 747, 750–51 (Mo.1960). *It does not test the sufficiency of the evidence supporting a default judgment. Suggs,* 688 S.W.2d at 359. (emphasis theirs). The evidence heard at the trial of the case cannot be reviewed on this motion. The sufficiency to authorize the judgment must be assumed. *Head v. Ken Bender Buick Pontiac, Inc.,* 452 S.W.2d 596, 598 (Mo.App.1970).

The type of irregularity contemplated by the rule includes the following: failure to provide required notice, *Pikey v. Pikey,* 605 S.W.2d 215 (Mo.App.1980); rendering a judgment for an amount greater than the petition prayed for, *Rook v. John F. Oliver Trucking Co.,* 505 S.W.2d 157 (Mo.App. 1973); failing to appoint a guardian ad litem, *McDaniel v. Lovelace,* 439 S.W.2d 906 (Mo.1969); and entering a judgment prematurely, *ABC Fireproof Warehouse Co. v. Clemans,* 658 S.W.2d 28 (Mo.banc 1983). This appeal does not involve any of these applications.

■ Defendants' claimed irregularity was lack of any evidence at the hearing to support the award of damages. Although this ground may be advanced on direct appeal, it does not state a ground under Rule 74.32. Count II of the petition set forth the promissory notes and pleaded an exact balance due for each note together

with a fixed rate of interest or per diem figure for interest so that on the date of judgment all that was required was a mathematical computation. On those facts the default admitted not only the execution and delivery of the promissory notes but also the unpaid balances. Accordingly, we affirm on two grounds: first the claim of irregularity for insufficiency of evidence in a suit on promissory notes where the unpaid balances are specifically alleged, even at its logical extreme of no evidence, is not reviewable under the rule. Second, where the measure of damages was pleaded with particularity and the balance discernible from the pleading, default admitted the amount awarded in the judgment. In any event the alleged error is judicial and not procedural and not subject to review under Rule 74.32.

We find no error of fact or law and the order denying relief under Rule 74.32 is affirmed. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976). Motion for frivolous appeal denied.

SIMON and GARY M. GAERTNER, JJ., concur.