Maurice S. KINGSLEY, Appellant,

v.

Shirley B. KINGSLEY, Respondent.

No. 67843.

Supreme Court of Missouri,
En Banc.

Sept. 16, 1986.
Concurring Opinion Oct. 8, 1986.

Martin Schiff, Jr., Clayton, for appellant.

Kenneth J. Heinz, Gideon H. Schiller, Clayton, for respondent.

WELLIVER, Judge.

Plaintiff-appellant Maurice Kingsley appeals from the circuit court's order denying his motion to vacate the judgment by writ of coram nobis or, in the alternative, to set aside the judgment pursuant to Rule 74.32.

The Court of Appeals, Eastern District, reversed the circuit court, finding a Rule 74.32 irregularity in the deposition notice. We granted transfer to examine the scope of review on Rule 74.32 motions.

We find neither patent irregularities under Rule 74.32, nor justification for issuance of a writ of coram nobis. We affirm the circuit court's denial of the motion to vacate or set aside the judgment.

**I**

Plaintiff-appellant Maurice Kingsley and defendant-respondent Shirley Kingsley were married in New York in 1963. Until 1972, the parties lived together in New York City, Lutry, Switzerland, and Aruba, Netherland Antilles. In October 1972, Mr. Kingsley established a separate residence in the Lutry, Switzerland home, while Mrs. Kingsley continued to reside in the New York City and Aruba, Netherland Antilles homes.

On April 12, 1973, Mr. Kingsley filed a divorce action in the District Court of Lavaux, Canton of Vaud, Switzerland. Shortly thereafter, on April 17, 1973, Mr. Kingsley filed an action in the Circuit Court of St. Louis County for an accounting of rents from a west St. Louis County apartment complex which is owned by the parties. On October 12, 1973, Mrs. Kingsley filed a counterclaim seeking declaratory judgment that the apartment complex was owned by a partnership between the parties and seeking dissolution of that partnership. Mr. Kingsley voluntarily dismissed his Missouri action on May 23, 1975, leaving only Mrs. Kingsley's counterclaim pending in the Circuit Court of St. Louis County.

On March 23, 1979, the circuit court entered a default judgment on the counterclaim against Mr. Kingsley, as a Rule 61.01 sanction for his failure to appear at a scheduled deposition. On May 2, 1979, the circuit court vacated its judgment and granted a new trial. Mrs. Kingsley appealed and the court of appeals affirmed the vacating of the judgment. *Kingsley v. Kingsley*, 601 S.W.2d 677 (Mo.App.1980).

Thereafter, on March 15, 1982, Mrs. Kingsley filed and served notice that Mr. Kingsley was to attend a deposition in St. Louis on March 25, 1982. On March 22, 1982, Mr. Kingsley moved to quash the deposition but made no request for a stay or continuance of the deposition or for an expedited hearing on the motion. On March 25, 1982,[1] the motion to quash the

---

1. There is no evidence in the record as to the hour of the hearing on the motion. The Court presumes that the hearing was held at 9 a.m. or as soon thereafter as practicable, as is the customary courtroom practice. It is the view of the Court that the time of the hearing is inconsequential since, if the hearing were to interfere with the holding of the deposition, the burden

deposition was overruled and Mr. Kingsley thereafter failed to appear for the scheduled deposition.

On December 15, 1982, the circuit court entered default judgment on the counterclaim against Mr. Kingsley as a Rule 61.-01(f) sanction. Mr. Kingsley filed a timely notice of appeal on January 11, 1983. However, on November 2, 1983, the court of appeals properly dismissed the appeal for failure to comply with Rule 84.05(a), concerning the timely filing of briefs on appeal.

After the court of appeals dismissed his appeal, Mr. Kingsley moved the circuit court to issue its writ of coram nobis and to vacate the judgment or, in the alternative, to set aside the judgment as irregular under the provisions of Rule 74.32. On January 8, 1985, the circuit court denied the motion and Mr. Kingsley appealed. On December 17, 1985, the Court of Appeals, Eastern District reversed the circuit court, holding that a new notice to take depositions was required following the overruling of the motion and that the lack thereof was a patent irregularity on the record.

## II

Mr. Kingsley sought to have the default judgment set aside under Rule 74.32 or, in the alternative, vacated by issuance of a writ of coram nobis. "The former [ (Rule 74.32) ] is grounded upon procedural defects patent upon the face of the record, while the latter [ (a writ of coram nobis) ] is based upon parol evidence as to some unknown jurisdictional defect, which is not apparent on the face of the record." Comment, *Procedure—Setting Aside Final Judgment in Missouri*, 28 Mo.L.Rev. 281, 294 (1963). *Compare, State v. Harrison*, 276 S.W.2d 222 (Mo.1955), *cert. denied*, 349 U.S. 948, 75 S.Ct. 877, 99 L.Ed. 1273 (1955) *with State ex rel. Potter v. Riley*, 219 Mo. 667, 118 S.W. 647 (1909), *overruled on other grounds, Cole v. Parker-Washington*, 276 Mo. 220, 207 S.W. 749 (Mo. banc 1918). *See also Barney v. Suggs*, 688 S.W.2d 356 (Mo. banc 1985). While the

would be on the movant to request additional

remedies are similar, they are not identical. Different analyses must be employed in examining the propriety of the circuit court's denial of each remedy.

### A

■ A writ of coram nobis only may be used "to correct errors of fact, not appearing on the face of the record, affecting the validity of proceedings which errors of face were *unknown to the party now seeking relief* and to the court at the time of the disposition of the particular case, and which errors of fact, had they been known, would have prevented the rendition of the judgment." *State v. Harrison*, 276 S.W.2d 222, 223 (Mo.1955), *cert. denied*, 349 U.S. 948, 75 S.Ct. 877, 99 L.Ed. 1273 (1955) (emphasis added). Since none of the errors of which Mr. Kingsley complains were unknown when the circuit court entered judgment, we need not examine the substance of the alleged errors. A writ of coram nobis does not lie.

### B

A Rule 74.32 motion "must be one based upon an irregularity which is patent on the record, not one depending upon proof *dehors* the record." *State ex rel. Potter v. Riley*, 219 Mo. at 681, 118 S.W. at 651. "An irregularity may be defined to be the want of adherence to some prescribed rule or mode of proceeding; and it consists either in omitting to do something that is necessary for the due and orderly conducting of a suit, or doing it in an unseasonable manner." *Barney v. Suggs*, 688 S.W.2d 356, 359 (Mo. banc 1985), quoting *Casper v. Lee*, 362 Mo. 927, 245 S.W.2d 132, 138 (banc 1952). "Rule 74.32 provides only a very narrow remedy." *State ex rel. Brooks Erection & Construction Co. v. Gaertner*, 639 S.W.2d 848, 850 (Mo.App.1982). We must adhere to this narrow standard in examining the alleged irregularities. "[A Rule 74.32] motion is not a substitute for a direct appeal." *Barney v. Suggs*, 688 S.W.2d at 359, quoting *Robinson v. Martin*

time.

*Wunderlich Construction Co.,* 72 S.W.2d 127 (Mo.App.1934).

Mr. Kingsley contends that the lack of an additional notice of deposition, after the circuit court overruled the motion to quash the deposition, constituted a denial of due process and was an irregularity for which the circuit court should have set aside the judgment under Rule 74.32. It was upon this theory that the court of appeals reversed the circuit court's denial of Mr. Kingsley's Rule 74.32 motion to set aside the judgment.

■ Mr. Kingsley concedes that, on March 15, 1982, Mrs. Kingsley provided adequate notice that his appearance was required at a deposition in St. Louis at 10:00 a.m. on March 25, 1982. Upon adequate notice, a party deponent must appear at the specified time and place or be subject to sanction by the court. Rule 61.01(f). A bare motion to quash grants to the movant neither a continuance of the deposition nor a stay of the deposition. To hold otherwise would be to say that every party can secure to himself one stay or continuance by the filing of the bare motion to quash. If the deponent does not want to appear, then the burden is his to request and to secure from the court a stay or continuance and excuse from attendance. Otherwise, the gamble is his as to whether or not he may secure a favorable ruling from the court that would have the result of excusing his attendance. "Although on denying the relief asked for upon a motion, the court ... may grant alternative relief, it is not bound to do so if no party asks for it." 56 Am.Jur.2d *Motions, Rules, and Orders* § 26 (1971); *see also, Schneider v. Meyer,* 56 Mo. 475 (1874); *Makani Development Co., Ltd. v. Stahl,* 670 P.2d 1284 (1983), *Woman's Hospital v. Sixty-Seventh Street Realty Co.,* 265 N.Y. 226, 192 N.E. 302 (1934). Mr. Kingsley gambled and lost.

■ Rule 61.01(f), in conjunction with Rule 61.01(d)(2), allows the court to strike the pleadings and render a default judgment, as the circuit court did on December 15, 1982. While default is a drastic sanction that should be used sparingly, it is authorized by Rule 61.01 and is justified in this case due to Mr. Kingsley's repeated refusal to appear for his deposition. The default judgment was neither a denial of due process nor an irregularity under Rule 74.32.

■ Mr. Kingsley further contends that the circuit court should have granted his Rule 74.32 motion to set aside the judgment since that court was deprived of subject matter jurisdiction by the prior and pending Swiss divorce action between the parties. "[A motion to dismiss due to pendency of a prior action], ordinarily, *will not be sustained* where the prior action is pending in a *court of foreign or different jurisdiction,* or, as otherwise expressed, where the two actions are pending in courts of different sovereignties...." *State ex rel. General Dynamics Corp. v. Luten,* 566 S.W.2d 452, 458 (Mo. banc 1978), quoting *Draper v. Louisville & N.R. Co.,* 348 Mo. 886, 156 S.W.2d 626, 627 (1941), quoting 1 C.J.S. *Abatement and Revival* § 63 (emphasis added by the *General Dynamics* court); *accord State ex rel. J.E. Dunn, Jr. & Assoc., Inc. v. Schoenlaub,* 668 S.W.2d 72 (Mo. banc 1984). Since the Swiss court is a "court of foreign or different jurisdiction," the pendency of a prior action therein did not deprive the circuit court of jurisdiction.

■ Mr. Kingsley also contends that the circuit court should have granted his Rule 74.32 motion since Mrs. Kingsley's counterclaim failed to state a cause of action. Even if the counterclaim were insufficient, which we do not find, "a motion to set aside a judgment for irregularity ... is not the appropriate way in which to challenge the sufficiency of the petition." *Harrison v. Slaton,* 49 S.W.2d 31, 35 (Mo.1932). "[A] judgment rendered upon a petition which failed to state a cause of action 'would indicate judicial error in the judgment, but it would not justify setting it aside as irregular upon [a Rule 74.32] motion.'" *Casper v. Lee* at 140, quoting *State ex rel. Ozark County v. Tate,* 109 Mo. 265, 18 S.W. 1088, 1089 (1892). A

properly prosecuted appeal and not a Rule 74.32 motion is the proper method to question the sufficiency of the counterclaim.

■ Mr. Kingsley asserts that the judgment should be set aside for lack of an accounting. However, on March 16, 1979, the court received testimony concerning the value of the partnership. Mr. Kingsley also argued that he cannot be forced to buy out Mrs. Kingsley's partnership interest. He is not being ordered to do so. He is merely being ordered to relinquish possession of Mrs. Kingsley's one-half share of the partnership assets, or two million dollars.

■ Mr. Kingsley further argues that the December 15, 1982 judgment should be set aside since it purports to reinstate the vacated March 1979 default judgment. This is a new proceeding, complete and separate from the proceeding which resulted in the March 1979 default judgment. The December 1982 default judgment was a separate, final judgment and was not a reinstatement of the identical judgment in the earlier proceeding. The superfluous reinstatement language was merely an unfortunate choice of words. Since the reinstatement language was not essential to the judgment, and its absence would not prevent the rendition of the judgment, its inclusion was harmless and not an irregularity under Rule 74.32. *See, e.g., Crabtree v. Aetna Life Insurance Co.,* 341 Mo. 1173, 111 S.W.2d 103 (1937); *State ex rel. Duncan v. Mauer,* 683 S.W.2d 287 (Mo.App. 1984); *O'Brien v. Johnson,* 636 S.W.2d 398 (Mo.App.1982).

Neither a motion under Rule 74.32 nor a motion for a writ of coram nobis is a substitute for a direct appeal. The circuit court did not err in overruling Mr. Kingsley's motion to set aside or vacate the judgment.

The ruling of the Circuit Court of St. Louis County is affirmed.

HIGGINS, C.J., and BILLINGS and DONNELLY, JJ., concur.

RENDLEN, J., concurs in result.

BLACKMAR, J., concurs in result in separate opinion filed.

ROBERTSON, J., concurs in separate concurring in result opinion of BLACKMAR, J.

BLACKMAR, Judge, concurring.

The judgment should be affirmed because all of the claims of error or irregularity advanced as ground for vacation could have been corrected on appeal. The appellant husband filed a timely notice of appeal, following a hearing at which his counsel was present. He then suffered the dismissal of his appeal for failure to file a brief as required by Rule 84.05(a). The dismissal of the appeal effects an affirmance of the judgment.

The action was commenced by the appellant husband, asking an accounting for rentals on property jointly owned by the parties. The respondent wife filed a counterclaim, which was probably compulsory under Rule 55.32(a), seeking accounting for an alleged partnership which included the property described in the husband's petition. The court therefore acquired jurisdiction over the subject matter and the parties, and this jurisdiction continued even though the plaintiff husband voluntarily dismissed his principal claim, leaving only the counterclaim.

Counsel for the defendant wife served a timely motion to take the husband's deposition on March 25, 1982. Three days before the noticed date, on March 22, 1982, the husband's counsel filed a motion to quash the notice and, without asking for a protective order or taking other steps to secure a postponement, called the motion up for hearing on the very day the deposition had been set. I agree with Judge Welliver that a litigant cannot so facilely obtain a continuance of a deposition and that, when the motion to quash was overruled, the husband was in default [1] for failure to appear

---

1. This is not the same sort of default treated in

*Barney v. Suggs,* 688 S.W.2d 356 (Mo. banc

at the deposition and subject to sanctions under Rule 61.01(f).

Counsel for the wife then, on April 28, 1982, filed a motion for interlocutory judgment of default, for failure of the husband to appear for deposition on March 26, 1982. The husband had notice of this motion and the opportunity to suggest alternate sanctions, or to offer his client for deposition at a specified time, or to present any reasons known to him as to why the relief sought in the motion should not be granted. We need not explore what the husband's counsel actually did. The significant circumstance is that the trial court had the authority to order sanctions, and that the husband had all that due process required in the way of notice and opportunity for hearing. The ensuing interlocutory judgment of June 3, 1982, was within the trial court's jurisdiction.

The interlocutory judgment of default was not complete, because it did not specify the relief to which the wife was entitled. On December 15, 1982, the trial court entered final judgment following a hearing in which the husband's counsel participated. The judgment was of a kind which the trial court had the authority to enter, and remained valid until reversed or set aside on appeal. Counsel had the right to be heard as to any reason why the judgment should not be entered. He could also file a post-trial motion, seeking rehearing or reversal of the order. Rule 73.01(b).

The husband availed himself of the appeal remedy and could have been heard in the court of appeals on any ground of error he might claim, but, for unexplained reasons, his counsel did not file a brief as required by the rules governing appeals.[2] The court of appeals then exercised its admitted authority by dismissing the appeal. The court also denied a special application to reinstate the appeal, which is a matter wholly within its discretion. The husband, by suffering the dismissal of the appeal, waived his right to any relief which could have been had at the hands of the appellate court. The appellate process would be subverted if a losing litigant could ignore the procedure provided for correcting erroneous judgments, and then secure the same relief on post-judgment motion. If the failure was the fault of counsel, the only remedy is found in a suit for malpractice.[3]

The husband now alleges as error the following: (1) that the wife's counterclaim failed to state a claim on which relief could be granted; (2) that the trial court lacked jurisdiction because a suit involving the same subject matter was pending in a court of Switzerland; (3) that the counterclaim failed to set forth facts sufficient to justify the entry of a money judgment; (4) that there was no notice obliging the husband to appear for deposition on March 26, 1982, the day after the motion to quash was heard and overruled;[4] (5) that the final judgment of December 15, 1982 was "irregular" (a) because the judgment purported to reinstate a earlier judgment, which was misdated and, furthermore, had been set aside; (b) because the prior interlocutory judgment was not based on an effective notice to appear on March 26, 1982; (c) that the judgment was based on hearsay evidence; (d) that the partnership assets were

1985), in which a party fails to respond to a summons, and is not thereafter entitled to notice of further proceedings. Rule 43.01(a). The husband had notice of all subsequent proceedings, and his counsel participated.

**2.** It makes no difference as to the outcome, but I am of the opinion that the holding in *Barney v. Suggs,* 688 S.W.2d 356 (Mo. banc 1985), to the effect that a motion to set aside a default is a condition precedent to appeals does not apply to a judgment entered after notice, as a sanction. The case should be treated as a court-tried case,

in which a post-trial motion is not necessary to preserve matters for review on appeal. Rule 73.01(b).

**3.** The appellant's able counsel on this appeal did not enter the case until after the dismissal of the first appeal had become final.

**4.** Inasmuch as Mr. Kingsley was obliged to appear on March 25, the extra day could only benefit him.

not sufficiently identified in the judgment; and (e) that the judgment was incomplete because it did not compute the interest with certainty. I set forth these points in detail to show that each and every one of them could have been presented to the appellate court, so that relief could have been afforded for any error of which the court of appeals could be persuaded. The right to relief from such errors falls with the dismissal of the appeal.

I do not disagree with anything that Judge Welliver says as to the reasons why no error is present. He is correct in saying that the knowledge of all alleged facts preclude relief by *coram nobis,* and appropriately demonstrates that the 1982 judgment is not rendered irregular because of its reference to the 1979 judgment. It is also proper to enter a money judgment, leaving the precise amount of interest due to later calculation. My concern about the discussion of the other alleged errors is that readers might be led to believe that a litigant who has lost his right to appeal, or who has suffered his appeal to be dismissed, may still have appellate review of errors which could have been urged on appeal. I am inclined to believe that the 1982 judgment was correct, but we do not have to express an opinion on the merits, and I would refrain from doing so.

It is often said that a 74.32 motion is not a substitute for an appeal. *Barney v. Suggs, supra.* The appellant asks us to give it such an effect. His position is properly rejected.

The problems in Rule 74.32 and other proceedings to set aside judgments have been noted by Professor Nanette Laughrey in an excellent article, *Default Judgments in Missouri,* 50 Mo.L.Rev. 841 (1985), which is to be followed by a second article. Because the matters now complained of could have been raised on appeal, the refinements of that rule need not be discussed further.

I agree that the judgment should be affirmed.