**William M. PENNEY,**
**Plaintiff-Respondent,**

v.

**OZARK MOUNTAIN COUNTRY MALL,**
**INC., a Missouri corporation,**
**Defendant-Appellant,**

and

**Harvey L. Nutt, Defendant.**

No. 14975.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 9, 1987.

Peter H. Rea, Branson, for defendant-appellant.

William M. Penney, pro se.

MAUS, Judge.

The plaintiff brought this action in three counts against each defendant for recovery for breach of an employment contract, for actual damages for misrepresentation, and for punitive damages for misrepresentation. The defendants are a corporation and its alleged agent. As a sanction for failure to answer interrogatories, the trial court entered an interlocutory default judgment against each defendant. Thereafter, the trial court entered a damage judgment of $583,677.39 against the defendants. Thirty-six days thereafter the defendant Ozark Mountain Country Mall, Inc. (Ozark) filed a motion under Rule 74.32[1] to set aside the interlocutory and damage judgments against it. Defendant Ozark appeals from the denial of that motion.

Only a brief synopsis of the significant procedural steps in the case is necessary for the disposition of the points presented. Those steps are as follows:

| | |
|---|---|
| August 1, 1985— | Petition filed. |
| September 19, 1985— | Defendants' answers filed. |
| October 22, 1985— | Plaintiff's interrogatories filed. |
| November 1, 1985— | Defendants' objections to interrogatories filed. |
| December 2, 1985— | Defendants' objections to interrogatories sustained in part and overruled in part. |
| January 17, 1986— | Plaintiff's motion to compel answers to interrogatories or for sanctions filed. |
| January 27, 1986— | Defendant Ozark ordered to answer interrogatories within 20 days; defendant Nutt ordered to answer interrogatories within 10 days. |
| February 18, 1986— | Interlocutory default judgments entered against the defendants. |
| February 18, 1986— | Defendant Ozark's partial answers to interrogatories filed. |
| February 26, 1986— | Defendant Ozark's motion to vacate interlocutory default judgment filed. |
| June 24, 1986— | Jed Meadow's motion to withdraw as attorney for defendant Ozark sustained. |
| July 11, 1986— | Plaintiff filed notice to defendants that on July 16, 1986, the plaintiff would call up defendant Ozark's motion to set aside interlocutory judgment and upon disposition of that motion seek judgment. |
| July 16, 1986— | Defendants failed to appear and defendant Ozark's motion to set aside default judgment was overruled. |
| July 16, 1986— | Judgment against the defendants in the amount of $583,677.39 was entered. |
| July 24, 1986— | Jed Meadows enters his appearance for defendant Ozark. |
| August 21, 1986— | Defendant Ozark's first amended motion under Rule 74.32 to vacate the interlocutory default judg- |

1. Rule 74 has been revised effective January 1, 1988. See 727 S.W.2d page XXVII. [Missouri cases edition.]

ment of February 18, 1986, and the judgment of July 16, 1986, was filed.

September 10, 1986— Defendant Ozark's motion under Rule 74.32 to vacate said judgments was overruled.

It is from the latter order defendant Ozark appeals.

As stated, the motion under consideration was filed 36 days after the damage judgment had been entered. That judgment had become final. Rule 75.01. Defendant Ozark's motion to vacate is filed under and invokes Rule 74.32. That rule provides: "Judgments in any court of record shall not be set aside for irregularity, on motion, unless such motion be made within three years after the rendition thereof." Rule 74.32.

Under this rule, the scope of the remedy is narrow and the authority of this court is limited. The parameters of the remedy have been succinctly stated.

Many opinions have discussed the irregularity requirement of a motion to set aside a judgment. The present Rule 74.32, and its statutory predecessors, recognizes a common law remedy and adds a new time limit of three years.... The irregularity must render the judgment contrary to a proper result.... *It must be patent on the record and must not depend on proof beyond the record....* The irregularity must indicate that the judgment was materially contrary to an established form and mode of procedure for the orderly administration of justice.... Rule 74.32 only reaches procedural errors that if known would have prevented the entry of the judgment; irregularities are not ordinary judicial errors in a judgment that are reached through proper procedures and the motion does not allow review of judicial errors committed in the rendering of a judgment.... The motion is not a substitute for a direct appeal.... *It does not test the sufficiency of the evidence supporting the default judgment.....* The sufficiency of evidence at the damage stage must be assumed during review for irregularities.

*Barney v. Suggs,* 688 S.W.2d 356, 358–359 (Mo. banc 1985) (citations omitted) (emphasis in original).

▆ Defendant Ozark's first point is that the trial court erred in refusing to vacate the interlocutory default judgment of February 18, 1986, because defendant Ozark's answers were timely filed on that day and the entry of that judgment was premature.

The plaintiff does not concede that the document filed by defendant Ozark constituted the required answers to interrogatories. Nor does he concede the entry of the judgment was premature.

However, he contends that irrespective of those two arguments, defendant Ozark's first point has no merit. He cites portions of the record that demonstrate defendant Ozark's initial motion to vacate the interlocutory default judgment placed in issue the same basis alleged in its amended motion and in its first point on appeal. He then observes the initial motion was overruled on July 16, 1986, and the judgment of that date has become final. Therefore, he concludes, defendant Ozark is barred from asserting its first point by the doctrines of res judicata or collateral estoppel. The doctrines are succinctly discussed in *Defford v. Zurheide–Hermann, Inc.,* 536 S.W.2d 804 (Mo.App.1976).

It may seem ironic that by reason of those doctrines a judgment itself may be a conclusive determination that it is not subject to an irregularity. However, it is well recognized that the record in a case may establish that to be true. An appropriate example is *Munday v. Thielecke,* 483 S.W.2d 679 (Mo.App.1972). In that case, on the fifteenth day after a judgment was entered the defendant filed a motion to set aside that judgment for certain irregularities, or in the alternative, for a new trial. The motion was overruled by the passage of 90 days. No appeal was taken. Eleven months after it was rendered the defendant filed a motion to set aside the judgment for alleged irregularities pursuant to Rule 74.32.

The court held the second motion was barred by the doctrine of res judicata. In so holding the court said:

The record shows that he did not appeal, and the judgment therefore became a final and conclusive judgment. It is true that the grounds for the vacating of the judgment alleged in defendant's motion of April 2, 1971, were not the same as that pleaded in his motion of April 4, 1970; but it is equally true that the purported irregularities alleged in defendant's motion of April 2, 1971, were all matters of record at the time defendant filed his motion of April 4, 1970; were therefore known to him at that time; and could properly have been included in defendant's motion of April 4, 1970. Under what is called estoppel by judgment a final adjudication is conclusive in subsequent proceedings not only as to every issue of fact which was actually litigated, but also as to every issue of fact which might have been.... And when defendant filed and presented his motion of April 2, 1971, the trial court was entitled to take judicial notice that the defendant had filed a similar motion on April 4, 1970, that it had been overruled, and that defendant had not appealed after the judgment became final, for all of such matters were apparent on the face of the court's own records....

... The defendant was afforded his day in court when he filed his motion of April 4, 1970, to set aside the judgment, which he subsequently failed to call up for a hearing. And since that motion was denied, and the judgment became a final judgment, his second motion of April 2, 1971, seeking the same relief, was barred by the doctrine of res judicata.

*Munday v. Thielecke,* supra, at 681–682 (citations omitted). Numerous decisions establish that the doctrine of res judicata is applicable in such circumstances. *Johnson v. Missouri Highway and Transportation Commission,* 702 S.W.2d 521 (Mo.App. 1985); *Welker v. Welker,* 680 S.W.2d 282 (Mo.App.1984); *Seckel v. Seckel,* 659 S.W.2d 529 (Mo.App.1983); *Ingels v. Citizens State Bank,* 632 S.W.2d 9 (Mo.App. 1982); *First National Bank of Kansas City v. Christopher,* 624 S.W.2d 474 (Mo. App.1981); *Defford v. Zurheide-Her-*

*mann, Inc.,* supra. It is applicable to defendant Ozark's first point and that point is denied.

Defendant Ozark's second point is that the trial court erred in assessing damages in favor of plaintiff against defendants because no admissible evidence was presented regarding said damages. It supports that point by argument that the only proof of plaintiff's damage was his affidavit. The judgment states: "Plaintiff presents its evidence as to damages sustained on all counts of Plaintiff's Petition, and this Court finds from all evidence presented that Plaintiff has sustained actual damages...." The asserted irregularity does not appear on the face of the record. For this reason it is not cognizable under Rule 74.32. Moreover, such a motion "does not test the sufficiency of the evidence supporting the default judgment." *Barney v. Suggs,* supra, at 359. Also see *Centerre Bank v. Bay,* 714 S.W.2d 729 (Mo.App.1986); *Estate of Kennedy v. Menard,* 690 S.W.2d 465 (Mo.App.1985). The second point is denied.

The third and final point is: "The trial court erred in overruling appellant's motion to vacate the interlocutory judgment and in awarding damages to respondent because the notice of said hearing was filed only seventeen days following the sustaining of appellant's attorney's motion to withdraw and prior to appellant's obtaining replacement counsel." Defendant Ozark cites no authority to establish this asserted irregularity is cognizable under Rule 74.32. Examples of such irregularities are set forth in *Barney.* The record demonstrates defendant Ozark made no effort to stay the action proposed in the notice. In speaking of a defendant's failure to appear at a deposition, the Supreme Court has said: "If the deponent does not want to appear, then the burden is his to request and to secure from the court a stay or continuance and excuse from attendance." *Kingsley v. Kingsley,* 716 S.W.2d 257, 260 (Mo. banc 1986). Defendant Ozark cites no rule or precedent to establish the trial court proceeded contrary to an established form and

mode of procedure. "Rule 74.32 only reaches procedural errors that if known would have prevented the entry of the judgment; ...." *Barney*, at 359. Under the definition in *Barney*, by its third point defendant Ozark does not assert a basis for relief under Rule 74.32. Cf. *Kingsley v. Kingsley*, supra. The third point is denied and the judgment is affirmed.

PREWITT, P.J., and FLANIGAN, J., concur.

HOGAN, J., concurs in the result.