

# In the Missouri Court of Appeals
# Eastern District

### DIVISION THREE

| | | |
|---|---|---|
| XTRA LEASE LLC, | ) | No. ED113144 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| | ) | |
| v. | ) | Cause No. 23SL-CC02598 |
| | ) | |
| UNITED TRANS LOGISTICS, INC. | ) | Honorable David L. Vincent, III |
| | ) | |
| Appellant. | ) | Filed: August 12, 2025 |

#### Introduction

Appellant United Trans Logistics appeals the circuit court's denial of Appellant's motion to set aside the default judgment entered against Appellant and in favor of Respondent Xtra Lease LLC. Appellant's first motion to set aside the default judgment was not timely appealed and the second motion to set aside the default judgment is barred by res judicata. We affirm the circuit court's denial of Appellant's second motion to set aside the default judgment.

#### Factual and Procedural Background

Respondent filed a petition on June 22, 2023, against Appellant alleging breach of contract, action on account, and seeking an injunction. The petition sought damages in an amount "not less than $48,803.57." Appellant was timely served and did not contest the action, and Respondent filed a motion for default judgment on November 9, 2023. The motion stated

that the damages, as of the date of filing, totaled $327,509.45, plus a daily interest accruing at $147.83 per day and any future incurred attorneys' fees and costs. The circuit court granted Respondent's motion and entered default judgment against Appellant on November 16, 2023, awarding $328,089.45 in damages, plus daily interest and future attorneys' fees and costs.

Appellant's first pleading in the case was on April 12, 2024, when it filed a motion to set aside the default judgment pursuant to Rule 74.05(d).[1] The motion argued that there was good cause for setting aside the default judgment because Appellant's president was out of the country when Appellant was served and no one informed Appellant's president of the suit. The motion also challenged the amount of damages requested in the motion for default judgment and awarded by the circuit court. On July 19, 2024, both parties appeared at a hearing on the motion for default judgment, after which the circuit court reserved ruling until July 24, 2024.

Appellant filed a motion for leave to amend its motion to set aside the default judgment on July 24, 2024, specifically requesting leave to amend the motion to include a request for relief under Rule 74.06, arguing that the judgment was irregular because it awarded damages in excess of the damages requested in the petition, and attaching a copy of the amended motion. Appellant's motion for leave to amend made Rule 74.06 arguments Appellant contends provided support for the setting aside of the default judgment.

The circuit court denied the motion to set aside the default judgment on August 5, 2024. Appellant did not appeal.

Appellant filed a second motion to set aside the default judgment under Rule 74.06 on October 15, 2024. Respondent did not file a responsive pleading. The circuit court entered an order denying the second motion on November 12, 2024. This appeal follows.

---

[1] All Rule references are to the Missouri Supreme Court Rules (2024).

**Standard of Review**

"We review the denial of a motion brought pursuant to Rule 74.06(b) to determine if the trial court abused its discretion." *Kissee v. E-Z Pawn, LLC*, 290 S.W.3d 748, 749 (Mo. App. S.D. 2009). In determining whether to set aside the default judgment, the circuit court has broad discretion, and "its decision shall not be reversed unless the record clearly and convincingly proves an abuse of that discretion." *In re Marriage of Hendrix*, 183 S.W.3d 582, 587 (Mo. banc 2006). An abuse of discretion occurs "when the ruling is clearly against the logic of the circumstances then before the trial court and is so unreasonable and arbitrary that the ruling shocks the sense of justice and indicates a lack of careful consideration." *Wetzel v. Root Ins. Co.*, 702 S.W.3d 469, 474-75 (Mo. App. W.D. 2024), *reh'g and/or transfer denied* (Dec. 24, 2024) (internal quotations omitted).

**Discussion**

In a single point on appeal, Appellant argues that the circuit court erred in denying Appellant's Rule 74.06(b) motion to set aside the default judgment. Appellant contends that the default judgment was irregular in that it awarded Respondent damages in excess of the amount prayed for in the petition. Respondent argues that this appeal is barred by the doctrine of res judicata because Appellant's Rule 74.06(b) motion and its arguments in this appeal are substantially the same as the issues litigated in Appellant's Rule 74.05(d) motion, which was never appealed. We agree.

Rule 74.05(d) provides that after a default judgment has been entered against a party, default judgment may be set aside "upon motion stating facts constituting a meritorious defense and for good cause shown." The motion must be made within one year of the entry of the default judgment and must allege "good cause," which includes "mistake or conduct that is not

intentionally or recklessly designed to impede the judicial process." Rule 74.05(d). Rule 74.06 is another avenue for seeking relief from the entry of a default judgment. Rule 74.06(b) states,

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) **the judgment is irregular**; (4) the judgment is void; or (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment remain in force.

(emphasis added). Irregularities include "rendering a judgment for an amount greater than the petition prayed for." *Barney v. Suggs*, 688 S.W.2d 356, 359 n.1 (Mo. banc 1985).

Rule 74.05 and Rule 74.06 motions are independent actions that can be used to collaterally attack a default judgment. *Spino v. Bhakta*, 174 S.W.3d 702, 706 (Mo. App. W.D. 2005). However, the doctrine of res judicata bars the use of an independent action to raise issues that have already been litigated in a prior proceeding. *Penney v. Ozark Mountain Country Mall, Inc.*, 738 S.W.2d 137, 140 (Mo. App. S.D. 1987). "Res judicata, or claim preclusion, 'precludes *relitigation of a claim formerly made*,' and 'every point properly belonging to the subject matter of litigation and which the parties, exercising reasonable diligence, might have brought forward at the time.'" *Steinbach v. Maxion Wheels Sedalia LLC*, 637 S.W.3d 493, 501 (Mo. App. W.D. 2021) (quoting *Olofson v. Olofson*, 625 S.W.3d 419, 427-28 (Mo. banc 2021)) (emphasis in original).

"Res judicata applies when four identities are present: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; and (4) and identity of the quality of the person for or against whom the claim is made." *Roy v. MBW Constr., Inc.*, 489 S.W.3d 299, 304 (Mo. App. W.D. 2016). In this case, the four identities of res judicata are satisfied. The "thing sued for" in all three motions is relief from the default

4

judgment. "Identity of the cause of action" existed in that Appellant sought relief from a damages award that exceeded the amount prayed for in Respondent's petition and Appellant's claims arose out of the same "act, contract, or transaction." *Chesterfield Vill., Inc. v. City of Chesterfield*, 64 S.W.3d 315, 319 (Mo. banc 2002). "Identity of the parties" and "identity of the quality of the person for or against whom the claim is made" are both easily satisfied because the parties are identical.

Appellant's Rule 74.05(d) motion challenged the amount of damages awarded in the default judgment, describing Respondent's petition as "seeking the recovery of no less than $327,509.45, which is a substantial increase from the $48,803.57 sought in the initial petition," and complaining that the award sought during default judgment was "672% greater than the amount claimed in Plaintiff's initial petition." Appellant further challenged the damages stating "there is nothing in the record that supports or substantiates the amount of damages claimed in Plaintiff's motion for default judgment nor the exorbitant 672% increase to that amount from the amount initially claimed in the petition." Ultimately, Appellant's motion alleged that the damages awarded in this case justified setting aside the default judgment.

Appellant's motion for leave to amend its motion to set aside the default judgment also attacked the amount of damages awarded in the default judgment, requesting relief under Rule 74.06. Appellant's motion for leave to amend asserted that relief was warranted because the judgment was "patently irregular" in that the amount of damages awarded exceeded the amount of damages requested claimed in the petition. Both the motion to set aside the default judgment and the motion for leave to amend were before the court when it entered judgment denying the motion to set aside default judgment. Appellant did not file a notice of appeal within 10 days, as required by Rule 81.04(a).

5

Rather than appeal the judgment, Appellant collaterally attacked the judgment by filing another motion to set aside under Rule 74.06. This second motion made the same arguments as the Rule 74.05 motion, asserting that the default judgment award was excessive. The circuit court again denied the motion to set aside, and this time, Appellant timely filed an appeal. On appeal, Appellant makes the same arguments made in the Rule 74.05 motion, the Rule 74.06 motion for leave to amend, and the second Rule 74.06 motion, attacking the default judgment for awarding damages "far in excess of the amount prayed for" in Respondent's petition. Appellant's second Rule 74.06 motion and this appeal are barred by the doctrine of res judicata. *See generally Penney*, 738 S.W.2d 137 and *Spino*, 174 S.W.3d 702.

Although a Rule 74.06 motion is an independent action, if that motion raises the same issues that were decided in a previous action and requests the same relief, it is barred by res judicata. *Penney*, 738 S.W.2d at 140. Additionally, "Rule 74.06 is not intended as an alternative to a timely appeal. When a final judgment is not challenged on direct appeal—as is the case here—it is enforceable so long as the issuing court validly had jurisdiction, even if it contains legal error." *Bowlin v. Stevens*, 694 S.W.3d 579, 582 (Mo. App. W.D. 2024), *reh'g and/or transfer denied* (July 23, 2024), *transfer denied* (Sept. 3, 2024). "[R]es judicata does apply to issues previously decided by a final judgment and later attacked by a collateral proceeding." *Spino*, 174 S.W.3d at 707 n.3.

Because Appellant did not timely appeal the denial of the first motion to set aside the default judgment and raised the same legal issues in the second motion and in this appeal, Appellant's claim is barred by res judicata. Thus, Point I is denied.

**Conclusion**

For the reasons stated above, this court affirms the judgment of the circuit court.

_____
Renée D. Hardin-Tammons, P.J.

Angela T. Quigless, J., and
Thomas C. Clark II, J., concur.